UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RAMIRO BALDERAS-GUEVARA, individually and on behalf of all other persons similarly situated; JUAN RESENDIZ-AVILA individually and on behalf of all other persons similarly situated,

    Plaintiffs,

vs.    Case No. 2:08-cv-862-FtM-29SPC

MITY MOLE, INC.; LUIS F. CISNEROS,

    Defendants.
_____

**OPINION AND ORDER**

This matter comes before the Court on the parties' Joint Motion for Approval and Stipulation For Settlement of This Action (Doc. #25), filed on July 13, 2009. On July 17, 2009, the Court entered an Order (Doc. #28) tentatively approving the proposed settlement of this class action lawsuit. Among other things, that Order directed counsel for the Plaintiffs to contact the members of the putative settlement class and advise them of the terms of the proposed settlement and of their right to object to it.

Plaintiffs filed a Notice of Distribution of Class Notice (Doc. #30) attesting that notice was provided consistent with the Court's Order. Based upon this Notice the Court entered an Order (Doc. #31) on October 29, 2009, scheduling a fairness hearing for February 1, 2010. On January 27, 2010, Plaintiffs' Report Regarding Response to Class Notice Distribution (Doc. #33) was

filed. Plaintiff reported that no written or other objections had been filed regarding the proposed settlement agreement.

On February 1, 2010, the Court conducted the fairness hearing. No oral objections to the settlement were made at the hearing. The Court heard from counsel for plaintiffs and counsel for defendants, both of whom urged the Court to approve the settlement. Because the last day for claims was the day of the hearing, the Court postponed finalization for several days, and directed plaintiff's counsel to file a report indicating whether any claims were filed on or shortly after February 1, 2010. Plaintiffs filed a Report to Court Regarding Claims From Class Members (Doc. #36) on February 5, 2010, reporting that no additional claims have been made by class members.

Based on the foregoing, the Court **FINDS** that:

A. The terms and provisions of this Court's Order of July 17, 2009 (Doc. #28) have been carried out by the parties.

B. The terms of the settlement contemplated herein are found in the Settlement Agreement and Release of Claims previously filed with the Court (Doc. #25-2) and as set out herein, and the terms thereof are incorporated herein and made a part hereof as set out below.

C. The notice to the class was appropriate, given the circumstances of this case. Because of a lack of permanent addresses for the class members and the unreliability of mail service in rural Mexico, a bilingual paralegal employed by counsel

for the Plaintiffs personally visited the municipalities in rural Mexico where the class members reside and distributed the class notice. In addition, the same bilingual paralegal visited current employees of the defendants at Mity Mole's migrant labor housing facilities in Florida to distribute the class notice.

D. The settlement is lawful, fair, just, reasonable and adequate after considering among other things that the settlement was reached after good faith, arms-length negotiations by experienced and capable counsel for the parties; the amount of the settlement; the likelihood of the Plaintiffs' success in obtaining the relief prayed for; the cost, complexity and duration of the litigation if pursued to trial; the disruption of the Defendants' business from continued litigation; and other matters bearing on the best interest of the parties, including the absence of objection by any class member to the settlement contemplated by the Settlement Agreement and Release of Claims.

E. The Defendants have complied with their notice obligations under the Class Action Fairness Act of 2005, and no federal or state officials have appeared or objected to this settlement.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1. A settlement class consisting of the following persons is permanently and finally certified under Rule 23(e) of the Federal Rules of Civil Procedure, the Court finding that the requirements of that rule are met:

All Mexican nationals who entered the United States as H-2A workers authorized under 8 U.S.C. §1188 and implementing regulations and procedures to work for and who were on the payroll of Defendant Mity Mole, Inc. at any time between January 19, 2006 and June 30, 2008.

2. The Defendants shall pay the sum of **seven thousand dollars ($7,000.00)** to named Plaintiff Ramiro Balderas-Guevara and the sum of **three thousand dollars ($3,000.00)** to named Plaintiff Juan Resendiz-Avila, as provided for in the Settlement Agreement and Release of Claims.

3. As provided for in the Settlement Agreement and Release, the Defendants shall pay the sum of **seventy-five thousand dollars ($75,000.00)** to create a settlement fund, which shall be distributed among the following class members who have presented timely claims as follows:

| CLAIMANT'S NAME | SETTLEMENT AMOUNT |
|---|---|
| Juvenal Aguilar-Blanco | $1,000.00 |
| Victor Aguilar-Garcia | $1,000.00 |
| Santiago Alvarado-Viay | $809.61 |
| Juan D. Angeles-Hernandez | $1,000.00 |
| Emilio Badillo-Ortiz | $809.61 |
| J. Dolores Badillo-Ortiz | $2,000.00 |
| Juan Blanco-Estrada | $2,000.00 |
| Jose Cano-Aguilar | $2,000.00 |
| Calixto Cano-Trejo | $1,000.00 |
| Javier Carranza-Corona | $809.61 |
| Gerardo Carranza-Hernandez | $2,000.00 |
| Adalberto Coria-Cepeda | $809.61 |

| | |
|---|---|
| Abel Estrada-Castillo | $1,000.00 |
| Isaias Garay-Olguin | $1,000.00 |
| Jose Arturo Garcia-Cruz | $1,000.00 |
| Gonzalo Garcia-Ponce | $809.61 |
| Sergio Garcia-Romero | $1,000.00 |
| Gilberto Garcia-Zarazua | $2,000.00 |
| Angel Gonzalez-Salinas | $1,000.00 |
| Angel Guardado-Jimenes | $2,000.00 |
| Marco Antonio Gudino-Aguilar | $809.61 |
| J. Jesus Guerrero-Briseno | $1,000.00 |
| Fortunato Guerrero-Ledesma | $1,000.00 |
| Abelardo Hernandez-Aguas | $2,000.00 |
| Efren Hernaldo Hernandez-Rincon | $563.55 |
| Jose Manuel Lazaro-De La Cruz | $2,000.00 |
| Jose S. Lazaro-Rodriguez | $1,000.00 |
| Jose M. Leon-Jimenez | $1,000.00 |
| J. Abraham Lugo-Guerrero | $1,000.00 |
| Ramiro Lugo-Herrera | $1,000.00 |
| Atanacio Lugo-Rincon | $1,000.00 |
| Jerman Maqueda-Cortez | $1,000.00 |
| Cristino Martinez-Badillo | $1,754.15 |
| Martin Martinez-Jimenez | $1,563.66 |
| Bartolo Martinez-Rincon | $1,754.15 |
| Ramiro Mendoza-Martinez | $1,000.00 |
| Aquileo Moran-Chavez | $1,000.00 |
| Lino Nuevo-Guerrero | $2,000.00 |
| Miguel Angel Olguin-Hernandez | $2,000.00 |
| Arturo Olguin-Munroy | $2,000.00 |

| | |
|---|---|
| Aurelio Ortiz-Gonzalez | $1,000.00 |
| Constantino Ortiz-Gonzalez | $1,000.00 |
| Cosme Ponce-Lazaro | $1,000.00 |
| Francisco Resendiz-De Santiago | $1,000.00 |
| Sergio Resendiz-Lugo | $1,936.71 |
| Evarardo Resendiz-Mejia | $1,000.00 |
| Fidencio Resendiz-Sanchez | $1,000.00 |
| Anatolio Rincon-Avila | $1,000.00 |
| Juan Rocha-Resendiz | $428.62 |
| Jose V. Rubio-Garcia | $1,000.00 |
| Alejandro Trejo-Leon | $1,000.00 |
| Jose Luis Velasquez-Yanez | $809.61 |
| Florencio Zaruza-Mejia | $809.61 |
| Efrain Zea-Trejo | $754.05 |
| Leopoldo Zea-Trejo | $809.61 |
| **TOTALS** | **$66,041.38** |

4. As provided for in the Settlement Agreement and Release, the unclaimed $8,958.62 from the class fund shall be paid to Global Workers Justice Alliance, a nonprofit public interest group advocating for the rights of foreign workers employed within the United States. As the parties have calculated precisely to the penny (rather than whole dollar) amounts due each class member under the terms of their Settlement Agreement and Release of Claims, such precise calculations are adopted as the amounts to be paid.

5. Counsel for the Plaintiffs is awarded the sum of **fifteen thousand dollars ($15,000.00)** as costs and attorney's fees in this action, which shall be payable as provided for in the Settlement Agreement and Release of Claims.

6. Defendants Mity Mole, Inc. and Luis Fernando Cisneros and all affiliates of Mity Mole, Inc. and its client Orange-Co L.P. and their respective employees, shareholders, owners, partners, directors, officers, attorneys, lenders, agents and contractors and any other persons acting by, through or in concert with any of these persons or entities, and their successors, are hereby released from all damage and other claims of the Plaintiffs, and all members of the class, their heirs, representatives, agents, attorneys, successors, or assigns, or anyone claiming on their behalf, which have been raised or asserted in this action and as further provided in the Settlement Agreement and Release of Claims (Doc. #25-2) previously filed with the Court and incorporated herein by reference.

7. This action is hereby **DISMISSED WITH PREJUDICE**, except to reserve jurisdiction to enforce the terms of the settlement.

8. The Clerk of the Court shall enter judgment accordingly and close the file. Any other pending motions shall be terminated by the Clerk of the Court.

**DONE AND ORDERED** at Fort Myers, Florida, this __5th__ day of February, 2010.

_John E. Steele_
JOHN E. STEELE
United States District Judge

Copies: Counsel of record